UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

STEVEN MELEIKA,

    Plaintiff,

v.

CITY OF JERSEY CITY, et al.,

    Defendants.

Civ. No. 17-1959 (KM-JBC)

OPINION

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the defendants' motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief may be granted (ECF no. 8). The plaintiff, Steven Meleika, *pro se,* sues the Jersey City Police Department, the City of Jersey City, and the State of New Jersey for constitutional torts in connection with his arrest and prosecution. I hold that, whatever their surface merits, the majority of these causes of action are barred by the applicable two-year statutes of limitations. What remains is a Section 1983 malicious prosecution claim against the City of Jersey City only. This partial dismissal, however, is without prejudice to the submission, within 30 days, of a proposed amended complaint that remedies the defects of the original.

## I. The Allegations of the Complaint

The Complaint is brief, consisting of filled-in blanks on a standard *pro se* complaint form. The underlying factual allegations, in their entirety, are as follows:

> On 5-1-2014 I was arrested by Jersey City Police in Jersey City.[1] I was criminally charged with multiple serious charges

---

[1] Another portion of the Complaint states that the events giving rise to the claims occurred at "Bostwick Ave and MLK (Martin Luther King)," as well as "Rose Ave & Claremont Ave." (Cplt. § III.A)

1

(felonies). After going to court once every month for two years, the charges were dismissed during trial. All charges were dismissed without pleading guilty.

(Cplt. § III.C) Attached to the complaint are medical records of a cat scan, showing no serious injury, plus a prescription for thirty 500 mg tablets of Naproxen, a pain reliever. All are dated May 2, 2014. The Complaint states that the date of dismissal of the criminal case was 10-7-2015. (*Id.* § III.B)

The complaint cites "false arrest, false imprisonment, malic[ious] prosecution, excessive force, civil rights violations 14 Amendment & 4 Amendment." (Cplt., ECF no. 1, § 5) I interpret these as claims under 42 U.S.C. § 1983 for violations of Mr. Meleika's Fourth Amendment rights in connection with his arrest and prosecution. The Complaint seeks $1 million in damages.

## II. The Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank,*

2

712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## III. Discussion

### A. The State

Initially, the Complaint must be dismissed against the State of New Jersey. The Complaint alleges no factual basis for an inference that the State had any involvement in the acts of which Mr. Meleika complains. More fundamentally, however, it would not matter if it did, because the Eleventh Amendment bars the Court from asserting jurisdiction over such a claim.[2]

---

2   The defendants did not cite the Eleventh Amendment in their papers. The Court, however, is required to examine its own subject matter jurisdiction:

> [B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. See *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977). A necessary corollary is that the court can raise sua sponte subject-matter jurisdiction concerns.

*Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

3

The Eleventh Amendment to the U.S. Constitution, which is of jurisdictional stature, renders the states immune from certain claims: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. For more than a century, the Eleventh Amendment has been held to incorporate a more general principle of sovereign immunity. In general, it bars citizens from bringing suits for damages against any state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Kelley v. Edison Twp.*, No. 03-4817, 2006 WL 1084217, at *6 (D.N.J. Apr. 25, 2006) (citing *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890). Although Congress may, under some circumstances, abrogate the States' Eleventh Amendment immunity, it did not do so when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).[3]

These § 1983 claims for damages, then, cannot be maintained against the State.

### B. The Jersey City Police Department

The Complaint must also be dismissed as against the Jersey City Police Department.

The Jersey City Police Department, as such, is not a proper defendant. A New Jersey police department is not a separate legal entity, but a department of the municipality. N.J. Stat. Ann. § 40A:14–118 (municipal police department is "an executive and enforcement function of municipal government"). *See Mitchell v. City of Jersey City*, No. 15-CV-6907 (KM), 2016 WL 1381379, at *1 n.1 (D.N.J. Apr. 7, 2016); *Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006); *McGovern v. Jersey City*, No. 98-CV-5186 2006 WL 42236, at *7

---

[3] Closely related is the principle that the State, its entities, and its officials are not "persons" subject to liability under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). I do not discuss it separately.

4

n.4 (D.N.J. Jan. 6, 2006) (police departments cannot be sued in conjunction with municipalities because police departments are administrative arms of local municipalities, not separate entities); *see also Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (same).

For claims against the Police Department, then, then, the proper defendant is the City of Jersey City itself. The correction is technical; the substance of the action is not affected. The Complaint is dismissed as against the Jersey City Police Department.

The remainder of the discussion applies to the Complaint as asserted against the sole appropriate defendant, the City of Jersey City.

### C. Statute of Limitations

Jersey City argues that all of the claims under 42 U.S.C. § 1983 must be dismissed because they are untimely under the applicable two-year statute of limitations. The City is correct, but not entirely so; the malicious prosecution component of the plaintiff's § 1983 claim remains timely.

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). On a Rule 12(b)(6) motion, a complaint may nevertheless be dismissed on statute of limitations grounds, but "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, __ F.3d __, 2017 WL 2112308 at *4 (3d Cir. May 16, 2017) (§ 1983 case, citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)); *see also Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017).

Section 1983 claims are subject to New Jersey's two-year statute of limitations for personal injury claims, N.J. Stat. Ann. § 2A:14-2. *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (§ 1983 claims borrow the relevant state's statute of limitations for personal injury claims).

The date when a cause of action under § 1983 accrues is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry*

5

*v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a [§ 1983] cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)). Accrual occurs, then, "when a plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997).

Accrual may be delayed by a plaintiff's lack of knowledge of the facts. The threshold of knowledge, however, is not a high one. Accrual does not require that plaintiff be aware of *all* of the facts. *New Castle County v. Halliburton Nus Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997) (citing *Zeleznik v. United States*, 770 F.2d 20, 24 (3d Cir. 1985)). Nor need the plaintiff contemporaneously appreciate the legal ramifications of the facts. *See Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988) (the required awareness is awareness of injury, not appreciation that the injury constitutes a legal wrong). Rather, the tort accrues when the "plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Fullman v. Pa. Dep't of Corr.*, 265 F. App'x. 44, 46 (3d Cir. 2008); *accord Kach*, 589 F.3d at 634.

Although it is possible to conjure unusual scenarios, it is the rare plaintiff who would not be contemporaneously aware of a tortious arrest or the fact of injury from excessive force. Thus a Fourth Amendment claim will accrue at the time of an allegedly wrongful search or seizure. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014); *Voneida v. Stoehr*, 512 F. App'x 219, 221 (3d Cir. 2013); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012); *Castro v. Perth Amboy Police Dep't*, 2014 WL 229301, at *3 n.1 (D.N.J. Jan. 21, 2014). Likewise, a § 1983 false arrest claim accrues at the time

of the arrest. *See Torres v. McLaughlin*, 163 F.3d 169, 176 (3d Cir. 1998); *Love v. Shockley*, 2015 WL 71162, at *2 (D.N.J. Jan. 6, 2015). False imprisonment may continue to accrue until legal process is invoked. Assuming a warrantless arrest, that would generally occur no later than arraignment. *See Alexander v. Fletcher*, 367 F. App'x at 290 n.2 (citing *Wallace*, 549 U.S. at 389–90).

Mr. Meleika's section 1983 Complaint alleges false arrest, excessive force in connection with the arrest, and false imprisonment. (I set aside malicious prosecution for a moment.) Mr. Meleika was surely aware of these torts at the time they occurred, on or about May 1, 2014. The physical injuries, of course, are alleged in the form of medical records dating from the day after the arrest.

This action, however, was not filed until March 22, 2017. That is over ten months too late under the applicable two-year statute of limitations. Consequently, the § 1983 claim, to the extent it is based on the wrongfulness of the arrest, is barred.[4]

The analysis is different as to the § 1983 claim insofar as it is based on malicious prosecution. Mr. Meleika's response to the motion to dismiss is succinct but correct. He cites *Heck v. Humphrey*, 512 U.S. 477 (1994), for the proposition that a malicious prosecution claim does not accrue until the underlying criminal prosecution terminates in favor of the accused—generally by acquittal or dismissal. *See Desposito v. New Jersey*, 2015 WL 2131073, at *12 (D.N.J. May 5, 2015) (collecting cases).

The Complaint alleges that the criminal case against Mr. Maleika was dismissed on October 7, 2015.[5] The filing of this federal court Complaint on

---

[4] It is theoretically possible for false imprisonment (*i.e.*, imprisonment without legal process) to continue past the date of arrest. To fall within the two-year limitations period here, however, imprisonment without arraignment would need to have extended past March 22, 2015, a period of over ten months. There is no factual allegation that Mr. Meleika was imprisoned at all, let alone imprisoned without process. Indeed, the Complaint alleges that he had regular monthly court appearances from the time of arrest through the time that charges were dismissed, so there is no plausible factual basis to infer that, assuming he was imprisoned, he was imprisoned without arraignment or other legal process.

[5] Public records attached by defendants confirm the date. (ECF no. 8-4 at 12).

7

March 22, 2017, was well within the two-year limitations period for a § 1983 malicious prosecution claim.

This Section 1983 Complaint, then, is dismissed *except* insofar as it asserts a malicious prosecution theory.

### D. State common law torts

The Complaint cites the Constitution and civil rights only. It does not assert parallel state law torts such as false arrest or malicious prosecution. Out of caution, however—and in the event the plaintiff should seek to file an amended complaint—I point out the following, for guidance.

The New Jersey Tort Claims Act ("NJTCA") governs tort claims against public entities, including municipalities such as Jersey City. *See* N.J. Stat. Ann. §§ 59:1-3, 8-2, & 8-3. Its most pertinent requirements have been summarized thus:

> Prior to filing a complaint, a plaintiff must submit a notice of claim to the public entity within ninety days of the claim's accrual, N.J.S.A. 59:8–8a, and must file suit within two years after the claim's accrual, N.J.S.A. 59:8–8b.

*Velez v. City of Jersey City*, 180 N.J. 284, 290, 850 A.2d 1238, 1242 (2004).

#### 1. The NJTCA 2-year statute of limitations

I first consider the NJTCA's outside, two-year statute of limitations. N.J. Stat. Ann. § 59:8-8b. Section 8b provides that "[a] claimant shall be forever barred from recovering against a public entity or public employee under this act if . . . [t]wo years have elapsed since the accrual of the claim."

Under the NJTCA, as under federal law, a tort generally accrues as of "the date of the incident on which the tortious conduct took place." *Bayer v. Twp. of Union*, 414 N.J. Super. 238, 258, 997 A.2d 1118, 1129 (App. Div. 2010) (citing *Beauchamp v. Amedio*, 164 N.J. 111, 117, 751 A.2d 1047 (2000)); *accord Marenbach v. City of Margate*, 942 F. Supp. 2d 488, 491 (D.N.J. 2013); *Cliett v. City of Ocean City*, No. 06–4368, 2007 WL 2459446, at *3 (D.N.J. Aug. 24, 2007) (Simandle, C.J.) ("[T]he accrual date of a claim is the date on which the alleged tort is committed or the negligent action or omission occurred.").

8

Under State law, as under federal law, accrual of a claim may be delayed until the plaintiff knew or should have known the facts underlying the claim. The limitations period begins running when the plaintiff becomes aware of "material facts relating to the existence and origin of an injury"; the plaintiff need not, however, comprehend the full scope and legal significance of such facts. *Strauss v. Twp. of Holmdel*, 312 N.J. Super. 610, 624, 711 A.2d 1385, 1392 (Law Div. 1997) (citing, *inter alia, Grunwald v. Bronkesh*, 131 N.J. 483, 493 (1993), and collecting cases). As discussed above, a plaintiff's knowledge will not usually be an issue in a case involving allegations of an illegal arrest.

Thus, under the NJTCA, it has been held squarely that "[t]he basis for a claim of false arrest arises at the time the incident occurs, i.e., the time of arrest." *Bayer*, 414 N.J. Super. at 258, 997 A.2d at 1129 (quoting *Bauer v. Borough of Cliffside Park*, 225 N.J. Super. 38, 47, 541 A.2d 719 (App. Div.), *certif. denied*, 113 N.J. 330, 550 A.2d 447 (1988).[6]

---

[6] As under federal law, a malicious prosecution tort would accrue later. *Id.* (quoting *Pisano v. City of Union City*, 198 N.J. Super. 588, 593, 487 A.2d 1296 (Law Div.1984)). Termination of the case in the accused's favor, however, is not a precondition to the accrual of other state-law tort claims:

> Only plaintiff's malicious prosecution claim includes the element of a termination in favor of the accused. Her other claims, therefore, accrued at the very latest, when plaintiff had reason to know that the elements of the claims existed. This occurred at or about the time of plaintiff's arrest on July 12, 1985. See, e.g., *Rose v. Bartle*, 871 F.2d 331, 350–51 (3d Cir. 1989) (discussing the distinction between malicious prosecution and abuse of process, and holding that an abuse of process claim accrues on the date of arrest); *Deary v. Three Un–Named Police Officers*, 746 F.2d 185, 193–94 (3d Cir. 1984) (holding that only malicious prosecution requires a favorable termination of the criminal proceedings, and that claims for intentional infliction of emotional distress and abuse of process accrue on the date of arrest); *Earl v. Winne*, 14 N.J. 119, 128–29, 101 A.2d 535 (1953) (quoting *Ash v. Cohn*, 119 N.J.L. 54, 58, 194 A. 174 (E. & A. 1937)) (discussing the distinction between a malicious prosecution claim, which requires a favorable termination of the criminal proceedings, and abuse of process, which does not); *Pisano v. City of Union City*, 198 N.J. Super. 588, 593, 487 A.2d 1296 (Law Div. 1984) (holding that, unlike malicious prosecution claim, false arrest claim accrues on the date of the arrest).

*Michaels v. New Jersey*, 955 F. Supp. 315, 326–27 (D.N.J. 1996). *See also Desposito*, 2015 WL 2131073 at *10–*13.

So state-law tort claims arising from the arrest, like the parallel § 1983 claims, would be subject to a two-year statute of limitations, running from the date of the arrest. And a tort claim of malicious prosecution, like the parallel § 1983 claim, would be subject to a two-year statute of limitations, running from the date of the dismissal of the criminal case.

### 2. The NJTCA requirement of a notice of claim

The defendants raise another bar under the NJTCA, one that would apply to both malicious prosecution and the arrest-related torts. The NJTCA requires, as a prerequisite to suit, that the plaintiff file with the City a notice of claim. *See* N.J. Stat. Ann. 59:8-8a ("The claimant shall be forever barred from recovering against a public entity or public employee if: a. The claimant failed to file the claim with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S. 59:8-9") The cited exception, N.J. Stat. Ann. § 59:8-9, permits the court to extend the 90-day deadline and excuse a late notice of claim upon a proper showing, but once a year has elapsed, a court is powerless to excuse the failure to file the notice. *See Noble v. City of Camden*, 112 F. Supp. 3d 208, 233–34 (D.N.J. 2015). That one-year grace period came and went long ago.

The City has filed a certification of a custodian of records to the effect that no notice of claim has been filed. (ECF no. 8-3) Strictly speaking, this may be extrinsic evidence beyond the proper bounds of a motion to dismiss. Still, the plaintiff should be aware that it poses a potential bar to assertion of state-law tort claims in any subsequent pleading.

### E. Letter Request

I have today received a letter request from the City that it be permitted to supplement its motion with evidence that the plaintiff stipulated to probable cause during the municipal court proceedings. (ECF no. 12) Because that information should have been readily available, the request is denied, without prejudice to assertion of that argument in response to any amended complaint or on summary judgment.

10

## CONCLUSION

For the foregoing reasons, the Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim is GRANTED IN PART AND DENIED IN PART, as follows:

    All claims are dismissed against defendants the State of New Jersey and the Jersey City Police Department.

    As against the remaining defendant, the City of Jersey City, all claims are dismissed except the claim of malicious prosecution under 42 U.S.C. § 1983.

Because this is an initial dismissal, it is without prejudice to the submission, within 30 days, of a proposed amended complaint that remedies the deficiencies identified here.

Dated: October 2, 2017

**HON. KEVIN MCNULTY**
**United States District Judge**